Richard P. Sybert, Bar No. 80731
rsybert@gordonrees.com
Susan B. Meyer, Bar No. 204931
smeyer@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Tel (619) 230-7768 / Fax (619) 696-7124

Reid E. Dammann, Bar No. 249031
rdammann@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel (213) 576-5000 / Fax 213-680-4470

Attorneys for Plaintiff
LANARD TOYS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lanard Toys Limited<br><br>          Plaintiff,<br><br>   vs.<br><br>Target Corporation<br><br>          Defendant. | CASE NO. 2:17-cv-04472<br><br>**COMPLAINT FOR**<br><br>**1) COPYRIGHT INFRINGEMENT [17 U.S.C. §101 *ET SEQ*];**<br><br>**2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(A)];**<br><br>**3) TRADEMARK INFRINGEMENT [15 U.S.C. §1114];**<br><br>**4) TRADE DRESS INFRINGEMENT [15 U.S.C. §1125(a)];**<br><br>**5) CALIFORNIA UNFAIR COMPETION; [Cal. B.&P. Code §17200 *et seq*.].** |

1
COMPLAINT

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Lanard Toys Limited ("Lanard") hereby alleges the following as its Complaint against Defendant Target Corporation ("Target" or "Defendant").

**NATURE OF THE ACTION**

2. This is an action for copyright infringement, false designation of origin, trademark infringement, trade dress infringement, and unfair competition, arising from Defendant's unauthorized copying and use of a distinctive chalk toy design embodied in products sold by Lanard. Defendant's misappropriation has irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

**JURISDICTION AND VENUE**

3. This is an action for damages and injunctive relief against Defendant arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and includes related claims for unfair competition arising under state law.

4. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and includes claims of unfair competition that are joined with substantially related claims under the copyright, patent, and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

5. This Court has supplemental jurisdiction over the state law claim of this complaint pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b), as a substantial part of the events giving rise to the claims in this complaint occurred in this judicial district,

and Defendant resides within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

7. Defendant regularly conducts business in this district and throughout the United States, and actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused products at issue in this lawsuit. Defendant's contacts with this district are sufficient to confer personal jurisdiction over Defendant. In addition, Defendant consents to personal jurisdiction in this district.

## PARTIES

8. Plaintiff Lanard Toys Limited is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong. Lanard manufactures and sells toys throughout the world, including to companies in the United States.

9. Upon information and belief, Defendant Target is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target is a large general merchandise retailer, with stores featuring substantial toy departments throughout the United States, including in California.

## BACKGROUND

### Lanard And Its Distinctive Chalk Bomb!® Product

10. Lanard is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other toy retailers.

11. In 2015, Lanard's designers developed a unique and original chalk toy— a hand-sized bag filled with powdered chalk styled as a hand grenade. Children can toss it at targets or others to leave marks of colored, washable chalk. The products come in a variety of fabric colors with corresponding internal chalk colors and feature either a yellow or red cord "fuse."

12. Lanard called its toy the "Chalk Bomb" and has sold it packaged as

single toys or in multi-packs of three and ten. A photograph of the toys in point-of-sale packaging are shown below.








Lanard Chalk Bomb (Item # 79051)



- 4 -
COMPLAINT

13. Lanard published its work by November 7, 2015. It submitted two copyright applications for the packaging to the United States Copyright Office on December 29, 2015. The Copyright Office registered Lanard's copyrights effective as of the same date and assigned Registration Nos. VA 2-022-296 and 1-999-283. True and accurate copies of the applications and resulting registrations, are attached hereto as Exhibits A and B. Since that time, Lanard has remained the sole owner of these copyrights.

14. Lanard also applied for a federal trademark registration for the mark CHALK BOMB! For "toys comprised of chalk powder, namely, tossing toys and drawing toys" in International Class 028. The mark registered as U.S. Registration No. 5,046,808. A true and accurate copy of the registration certificate is attached hereto as Exhibit C.

15. Lanard's CHALK BOMB!® has been a success in the market, with major United States retailers, including Wal-Mart, Albertsons, and Hobby Lobby making substantial sales of the product. A true and accurate copy of the Wal-Mart on-line offering of the Lanard CHALK BOMB!® is attached hereto as Exhibit D.

16. By virtue of significant sales, quality and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with its CHALK BOMB!® and the trade dress associated therewith. Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in the CHALK BOMB!® has become well known to consumers and the trade by widespread, continuous, and exclusive use thereof. The purchasing public and customers of Lanard associate the CHALK BOMB!® trade dress exclusively with Lanard. Such trade dress is protectable and has acquired secondary meaning.

17. As a result of the foregoing, the relevant public has come to recognize an association between the CHALK BOMB!® design and Lanard, and have come

1 to understand chalk toys having the design elements used by Lanard are made
2 exclusively by Lanard or otherwise are associated with Lanard.

### Target's Wrongful Conduct

18. Target is now and has been offering for sale in this district, and elsewhere in the United States, unauthorized and infringing copies of Lanard's CHALK BOMB!®.

19. A picture of the "Chalk Bomb" product offered by Target is reproduced below (hereinafter "Knockoff Toy").



20. Upon information and belief, MGS Group Ltd. is the manufacturer and supplier of the Knockoff Toy, which is sold in a variety of different colored fabric bags with corresponding- colored internal chalk.

21. The unauthorized Knockoff Toy products and packaging contain an identical trademark ("Chalk Bomb") and are remarkably similar to Lanard's CHALK BOMB!®, and copy the protectable expression in Lanard's design, as shown in the comparison below.



Lanard Chalk Bomb!                Target Chalk Bomb

22. The Knockoff Toy packaging even includes the exact same photograph of a chalk-covered child aiming the toy with the photograph positioned to the upper left of the toy itself on the packaging.

 

Lanard Chalk Bomb!                Target Chalk Bomb

23. Target is thus marketing, advertising, and selling products embodying trade dress and trademark confusingly similar to Lanard's CHALK BOMB!® and substantially similar to Lanard's copyrighted work.

24. Because of Lanard's unmistakable trade dress and registered trademark, the relevant public has and continues to be deceived and/or confused

into believing that Target's unauthorized "Chalk Bomb" originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

25. Target's unauthorized reproduction of Lanard's trademark and trade dress has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's work and Lanard.

26. Target's unauthorized copying has been willful, and Target intentionally interfered with Lanard's business relations by offering to sell the copied chalk toys, thereby wrongfully diverting sales from Lanard.

27. Target's unauthorized copying, promotion, and sale of the infringing products has caused Lanard irreparable financial harm.

28. Upon information and belief, by the acts alleged above, Target has made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. § 101 et seq.

29. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Lanard has established copyrights in the design of its CHALK BOMB!® packaging and its design constitutes copyrightable subject matter under the copyright laws of the United States. Lanard is the owner of U.S. Copyright Registration Nos. VA 2-022-296 and VA 1-999-283 directed to its CHALK BOMB!® packaging design. Lanard is the owner of all right, title, and interest in and to the copyrights in this design.

31. Defendant's copying and use of Lanard's CHALK BOMB!® toy packaging is a violation of Lanard's exclusive rights to the original work of authorship in the packaging, including but not limited to the exclusive right to make reproductions and distribute copies to the public. The infringing copies include the "Chalk Bomb" product packaging sold as SKU 0398475149.

32. Upon information and belief, the acts of Target were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

33. The aforesaid infringement by Target has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin Under 15 U.S.C. § 1125(a)

34. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016.

36. Target's use of the "Chalk Bomb" mark in interstate commerce, without Lanard's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Target's conduct has infringed Lanard's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

37. By reason of the foregoing, Lanard has been injured in an amount not yet fully determined. Further, Target has been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill.

38. As a result of Target's acts of infringement, Lanard suffered and will continue to suffer irreparable harm for which Lanard has no adequate remedy at law, including damage to Lanard's goodwill. Unless Target's acts of infringement are enjoined by this Court, Lanard will continue to suffer irreparable harm.

39. Defendant's actions have known, intentional, wanton, and willful. The principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### Trademark Infringement (15 U.S.C. § 1114)

40. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016.

42. This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

43. Target used the "Chalk Bomb" mark to promote and sell Target's Knockoff Toy in violation of Lanard's rights in its registered trademark.

44. Target's use of the "Chalk Bomb" mark is likely to cause confusion, mistake, and to deceive consumers.

45. Target's actions constitute a blatant attempt to confuse the consuming public and to trade off Lanard's goodwill.

46. Target acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of Lanard.

47. By reason of the foregoing acts of trademark infringement, Lanard has been injured in an amount not yet ascertained.  Further, Target has been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill.

48. In addition, as a result of Target's acts of infringement, Lanard suffered and will continue to suffer irreparable harm for which Lanard has no adequate remedy at law, including damage to Lanard's goodwill.  Unless Target's acts of infringement are enjoined by this Court, Lanard will continue to suffer irreparable harm.

49. Target's actions have known, intentional, wanton, and willful.

The principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### Trade Dress Infringement Under 15 U.S.C. § 1125(a)

50. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Target's use of Lanard's trade dress in commerce, including the trade dress in Lanard's CHALK BOMB!®, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendant's goods by Lanard, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

52. The acts by Target were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights and were done with full knowledge of the falsity of the designation of origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendant's products.

53. As a result of the likelihood of confusion that now exists in the marketplace, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

54. Defendant has made substantial profits based on its unauthorized sales of their infringing "Chalk Bomb" copies.

55. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition Under California
### Bus. & Prof. Code § 17200 *et seq*.

56. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. The aforementioned acts by Target in causing confusion among the relevant public and causing a false association or sponsorship between Target's goods and Lanard, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*.

58. The acts by Target were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

59. As a result of Target's unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

60. Target has made substantial profits based on its unauthorized sales of their infringing "Chalk Bomb" copies.

61. Upon information and belief, the aforesaid conduct by Target has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business. Lanard has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lanard demands judgment as follows:

A. A declaration that Target has willfully infringed Lanard's copyrighted works;

B. A preliminary and permanent injunction enjoining Target, its officers, agents, servants, employees, attorneys, and those in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from copying, distributing, selling, reproducing, or preparing derivative works of any original works of authorship of Lanard, ordering Target to cancel all orders for the chalk toy products substantially similar to Lanard's copyrighted works, ordering Target to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

relating to the infringing products, or other products substantially similar to Lanard's copyrighted works and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Target to recall any and all infringing goods, or other products substantially similar to Lanard's copyrighted works;

    C.    A declaration that Target willfully infringed Lanard's trade dress;

    D.    A declaration that Target willfully infringed Lanard's registered trademark;

    E.    A preliminary and permanent injunction enjoining Target, its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

    1.    utilizing or imitating Lanard's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress which is confusingly similar to the overall trade dress of Lanard's goods;

    2.    utilizing or imitating Lanard's trademark, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trademark which is confusingly similar to the Lanard CHALK BOMB!®;

    3.    injuring the commercial reputation, renown, and goodwill of Lanard; and

    4.    unfairly competing with Lanard in any manner whatsoever and ordering Target to cancel all orders for the chalk toy products embodying trade dress or trademark confusingly similar to Lanard's trade dress, ordering Target to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

|     |     |
| --- | --- |
| 1   | possession referring or relating to the infringing products, or other products |
| 2   | incorporating trade dress or trademark confusingly similar to Lanard's trade |
| 3   | dress and trademark and all plates, models, matrices, tooling, computer |
| 4   | programs, and other means of making the same, and ordering Target to |
| 5   | recall any and all infringing goods, or other products incorporating trade |
| 6   | dress confusingly similar to Lanard's trade dress or trademark; |

  F. An award to Lanard of its actual damages and for all profits realized by Target in connection with its infringing activities;

  G. An award to Lanard of treble, exemplary, and/or punitive damages;

  H. An award to Lanard of its reasonable attorney fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a), filing fees, and the costs of this action;

  I. Prejudgment and post judgment interest on the above monetary awards; and

  J. Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated: June 15, 2017

Respectfully Submitted,

GORDON & REES LLP

By: *S/Richard P. Sybert*
Richard P. Sybert
Susan B. Meyer
Reid E. Dammann
Attorneys for Plaintiff
LANARD TOYS LIMITED

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

1108401/32963897v.1